UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MATTHEW THOMPSON,

    Petitioner,

v.	Case No. 3:17cv671/RV/CJK

STATE OF FLORIDA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon petitioner's filing a motion for extension of time to file a habeas corpus petition under 28 U.S.C. § 2254. (Doc. 1). Petitioner has not filed an actual § 2254 petition, and his motion for extension of time does not contain allegations sufficient to support a claim for relief under § 2254. The motion should be denied and this case dismissed, because the court lacks jurisdiction to grant petitioner an extension of the federal habeas limitations period until an actual habeas petition is filed. *See United States v. Asakevich*, 810 F.3d 418, 420-21 (6th Cir. 2016) (holding that federal prisoner could not ask the district court to grant an extension of time to file a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, before a 2255 motion was actually filed; the prisoner was seeking an advisory opinion concerning whether he could obtain an extension for a collateral

proceeding not yet in existence; "Federal courts do not lightly grant relief in non-existent cases. Still less do they offer advisory opinions about what they might do if an action were filed."); *Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that a federal court may grant an extension of time to file a motion pursuant to 28 U.S.C. § 2255 only if the moving party requests the extension "*upon or after filing* an actual section 2255 motion") (emphasis added); *see also, e.g., Swichkow v. United States*, 565 F. App'x 840, 844 (11th Cir. 2014) ("Here, because Swichkow had yet to file an actual § 2255 motion at the time he sought an extension to the limitations period, there was no actual case or controversy to be heard. Thus, the district court properly concluded that it lacked jurisdiction to consider Swichkow's requests for an extension of time to file a § 2255 motion absent a formal request for habeas relief.").

Petitioner is advised that the more appropriate venue for his anticipated habeas corpus proceeding is the United States District Court for the Middle District of Florida (Middle District). Petitioner's motion for extension of time reveals that the judgment of conviction he plans to challenge (and under which he is in custody) is within the jurisdiction of Florida's Second District Court of Appeal. The Florida Department of Corrections' website confirms that petitioner is in custody under a sentence imposed by the Circuit Court for Pasco County, Florida. *See*

www.dc.state.fl.us. As Pasco County is located within the Middle District, petitioner should file his § 2254 petition there. A petition filed in this court would be transferred to the Middle District. *See* 28 U.S.C. § 2241(d); *see also Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970) (holding that the primary purpose of 28 U.S.C. § 2241(d) is "of course . . . to provide a more convenient forum for witnesses.").

Accordingly, it is respectfully RECOMMENDED

1. That petitioner's motion for extension of time (doc. 1) be DENIED and this case be DISMISSED for lack of jurisdiction.

2. That the clerk be directed to close the file and to send petitioner the form for use in § 2254 cases. Petitioner should file his § 2254 petition as soon as possible in the United States District Court for the Middle District of Florida.

At Pensacola, Florida this 8th day of September, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.